**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TOWN OF<br>NEW WINDSOR, | * | |
| | * | |
| *Plaintiff* | * | CIVIL ACTION NO. _____ |
| | * | |
| v. | * | REMOVED FROM THE CIRCUIT |
| | * | COURT FOR CARROLL COUNTY, |
| PSEG RENEWABLE | * | MARYLAND |
| TRANSMISSION LLC, *et al.*, | | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 and Federal Rule of Civil Procedure 81(c), Defendant PSEG Renewable Transmission LLC ("PSEG" or the "Company"), by undersigned counsel, hereby gives notice of removal of this action from the Circuit Court for Carroll County, Maryland to the United States District Court for the District of Maryland.  The grounds for removal are as follows:

**BACKGROUND AND PROCEDURAL POSTURE**

1.      Plaintiff, the Town of New Windsor ("Plaintiff"), commenced this action against the Company and five other defendants on June 2, 2026 by filing a complaint in the Circuit Court for Carroll County, Maryland (the "State Court Action").  *See* Exhibit 1.A ("Compl.").

2.      Plaintiff alleges that the five other defendants are agents of the Company that act "on behalf of" the Company.  Ex. 1.A, Compl. ¶¶ 7-11, 27, 29, 31, 33, 38, 46.  These five other defendants are: Stantec Consulting Services Inc., Pennoni Associates Inc., Coastal Resources, Inc., Ralph Koziarski, and Jane Doe (collectively, the "Agent Defendants").  *See id*.

1

3. The Company was notified of the State Court Action by means other than service on June 4, 2026. The Company has not filed any responsive pleadings in the State Court Action. *See* Exhibit 1.B.

4. In the complaint, Plaintiff seeks a declaratory judgment stating that the Company does not have a right to enter Plaintiff's property under Md. Code Ann., Real Property ("RP") § 12-111(a) to conduct land surveys related to the Maryland Piedmont Reliability Project ("MPRP"). Ex. 1.A, Compl. ¶¶ 37-48. Additionally, Plaintiff seeks "temporary, preliminary, and permanent injunctive relief" prohibiting Defendants from entering onto Plaintiff's property.[1] *Id.* ¶ 48(iv).

**REMOVAL ALLEGATIONS**

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between . . . citizens of different states."

6. Because the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interests and costs, and because the case arises between citizens of different states, it lies within the original jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

---

[1] On June 6, 2026, counsel to the Company informed Plaintiff that the Company would not direct its agents to enter onto Plaintiff's property until the declaratory judgment action was resolved. *See* Exhibit 2.

**A. There Is Complete Diversity of Citizenship.**

7.      The parties in this action are completely diverse because Plaintiff is not a citizen of the same state as the Company, and the Agent Defendants are nominal parties whose citizenship is not considered.  *See* 28 U.S.C. § 1332(a).

8.      Plaintiff alleges in the complaint that it is a municipal corporation located in Carroll County, Maryland and organized under the laws of Maryland.  *See* Ex. 1.A, Compl. ¶ 5.  Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of Maryland.

9.      Plaintiff further alleges that that the Company is a Delaware limited liability company with its principal place of business located in Newark, New Jersey.  Ex. 1.A, Compl. ¶ 6.

10.      Accordingly, because Plaintiff is a citizen of Maryland, and Plaintiff has alleged the Company is a citizen of Delaware or New Jersey, there is complete diversity between Plaintiff and the Company.

11.      The citizenship of the Agent Defendants is not considered in assessing complete diversity because the Agent Defendants are nominal parties.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) ("Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal.")

12.      As noted above, Plaintiff alleges that the Agent Defendants are merely "agents" that conduct surveys "on behalf of" the Company.  Ex. 1.A, Compl. ¶¶ 7-11, 27, 29, 31, 33, 38, 46.

13.     Plaintiff does not allege that the Agent Defendants have any independent interest in entering Plaintiff's land to conduct surveys, other than in their capacity as agents of the Company.  *See generally* Ex. 1.A, Compl.

14.     Agent Defendants have no apparent interest in defending themselves in the declaratory judgment, which adjudicates the Company's right of entry pursuant to RP § 12-111. *See* Ex. 1.A, Compl. ¶ 39 (quoting RP § 12-111, which grants the "body politic or corporate having the power of eminent domain" a right to direct its agents to enter onto property for purposes of conducting surveys).

15.     Agent Defendants also have no apparent interest in defending themselves against Plaintiff's request for injunctive relief, as the Complaint does not indicate that Agent Defendants would independently seek to enter Plaintiff's Property without being directed to do so by the Company.  *See* Ex. 1.A, Compl. ¶ 34 (alleging Defendants conduct or oversee surveys "for PSEG"); *id.* ¶ 35 (alleging "PSEG seeks to have [Agent Defendants] enter onto the Town's Property to conduct the aforesaid surveys").

16.     Rather, Plaintiff only alleges that the Company has an actual "stake in the litigation"—to vindicate its right as a body corporate under RP § 12-111 to direct its agents to conduct "required field studies," as "part of PSEG's application for a Certificate of Public Convenience and Necessity ("CPCN") before the Maryland Public Service Commission[.]"  Ex. 1.A, Compl. ¶ 2.

17.     Put another way, Plaintiff's claim can be resolved without any meaningful impact on the Agent Defendants, as Plaintiff's claim only puts the Company's ability to conduct "required field studies" in support of its pending CPCN application at issue.  *Hartford Fire Ins. Co.*, 736 F.3d at 260 (noting "the key inquiry is whether the suit can be resolved without affecting the . . .

nominal defendant in any reasonably foreseeable way.").  Agent Defendants, by contrast, "ha[ve] no dog in this fight."  *Id.* at 261.

18.    Because Plaintiff's Complaint does not demonstrate that the Agent Defendants have an "immediately apparent stake in the litigation," *id.* at 260, the Agent Defendants' citizenship may not be considered when determining whether diversity of citizenship exists, and the Agent Defendants' consent is not required for removal.  *Navarro Sav. Ass'n*, 446 U.S. at 461; *Hartford Fire*, 736 F.3d at 262 (holding that requiring a nominal party's consent for removal "would encourage the inclusion of party defendants for purely instrumental purposes," and "[s]uch a result would allow plaintiffs to forum shop between state and federal court in a manner that § 1441 was not intended to permit."); *see, e.g.*, *Alban Waste, LLC v. CSX Transp., Inc.*, 9 F. Supp. 3d 618, 621 (D. Md. 2014) (finding case properly removed to federal court where nondiverse parties were nominal).

## B.  The Amount in Controversy Exceeds $75,000.

19.    For diversity jurisdiction, removal is proper if the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B).

20.    Generally, "[t]he allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount."  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quotations omitted).  However, at the removal stage, courts look to either the plaintiff's complaint or the defendant's notice of removal for allegations supporting that the amount in controversy is met.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (noting that if the "complaint does not state the amount in controversy, the defendant's notice of removal may do so").

21.     Here, both Plaintiff's Complaint and the Company's Notice of Removal plausibly allege that the $75,000 amount in controversy requirement of 28 U.S.C. 1332(a) is met.

22.     First, Plaintiff's Complaint contains allegations supporting that the $75,000 amount in controversy requirement is satisfied.

23.     In actions seeking declaratory or injunctive relief, as Plaintiff does here, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).  Within the Fourth Circuit, "courts determine that value by reference to the larger of two figures: what the relief is worth to the plaintiff or what the relief would cost defendant." *Ayers v. CIOX Health, LLC*, 735 F. Supp. 3d 607, 617 (D. Md. 2024) (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (quotations omitted)).

24.     Here, Plaintiff alleges that the Company intends to enter Plaintiff's property "for the purpose of completing required field studies," which "are part of" the Company's pending CPCN application.  Ex. 1.A, Compl. ¶ 2.  Plaintiff further alleges that the Company has filed its CPCN application in order to construct a "67-mile, 500-kilovolt overhead transmission line" known as the Maryland Piedmont Reliability Project ("MPRP").   Ex. 1.A, Compl. ¶ 1.

25.     Plaintiff seeks an injunction that prohibits the Company and the Agent Defendants "from entering onto land owned by [Plaintiff] to conduct surveys in connection with PSEG's CPCN application." Ex. 1.A, Compl. ¶ 47.

26.     Plaintiff alleges that the surveys are "required" for the Company's CPCN application.  Ex. 1.A, Compl. ¶ 2.  Accordingly, Plaintiff's allegations plausibly support that if the requested injunctive relief is granted, it will "cost" the Company the ability to conduct land surveys that are "required" for the Company's CPCN application for the MPRP.  *Ayers*, 735 F.Supp.3d at

617. In such a case, the Company's CPCN application will not move forward, and the Company would lose the ability to construct the MPRP.

27. Accordingly, the value of the Company's ability to access Plaintiff's land is the Company's ability to construct and obtain revenue from the MPRP, a 67-mile transmission line. Ex. 1.A, Compl. ¶ 1. *See Columbia Gas Transmission, LLC v. Vlahos*, 94 F. Supp. 3d 728, 731 (E.D. Va. 2015) (amount-in-controversy threshold was satisfied because Columbia Gas claimed it could lose revenue if landowner's interference caused the pipeline to fail).

28. Because the anticipated revenue of a 67-mile transmission line is plainly over the $75,000 threshold, the $75,000 amount in controversy threshold for diversity jurisdiction is met from a reading of Plaintiff's Complaint and this Court has original jurisdiction over this action. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

29. Second, even if the amount in controversy were not apparent from the face of Plaintiffs' Complaint, the Company submits that the value of the MPRP transmission line, in terms of anticipated revenue, will exceed $75,000. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (holding that a defendant's allegation of the amount in controversy in a notice of removal need not contain evidentiary assertions); *Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 495 n.4 (4th Cir. 2024) (holding defendant's plausible allegation that amount in controversy was met in its notice of removal was sufficient to invoke the jurisdiction of the federal courts). Accordingly, the Company's plausible allegation in this notice of removal is sufficient to establish a basis for removal and this Court has original jurisdiction over this action.

## REMOVAL PROCEDURE

30. In accordance with 28 U.S.C. § 1446(b), the Company timely filed this notice of removal on June 8, 2026, within 30 days after the Company was first notified of the complaint in

the State Court Action by means other than service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

31.    In accordance with 28 U.S.C. 1446(a) and Local Rule 103.5.a, the Company is filing contemporaneously with this notice all process, pleadings, documents, and orders they have received in connection with this matter, which is only a copy of the Complaint and its supporting exhibits. *See* Ex. 1.  The Company will file within 30 days true and legible copies of all other documents then on file in the State Court Action together with the certification required by Local Rule 103.5.a.

32.    The Company will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court for Carroll County, as required by 28 U.S.C. § 1446(d).

33.    By filing this Notice of Removal, the Company explicitly reserves and does not waive any rights, remedies, or defenses that may be available to it in this Court or in the State Court Action.

Date: June 8, 2026                              Respectfully submitted,

                                                */s/ Kurt J. Fischer*
                                                Kurt J. Fischer (Bar No. 03300)
                                                VENABLE LLP
                                                210 W. Pennsylvania Avenue, Suite 500
                                                Towson, Maryland 21204
                                                (410) 494.6200
                                                (410) 821-0147 (facsimile)
                                                kjfischer@venable.com

                                                J. Joseph Curran III (Bar No. 22710)
                                                Christopher S. Gunderson (Bar No. 27323)
                                                Kenneth L. Thompson (Bar No. 03630)
                                                Susan R. Schipper (Bar No. 19640)
                                                Emily J. Wilson (Bar No. 20780)
                                                Venable LLP
                                                750 E. Pratt Street

Suite 900
Baltimore, MD 21202
(410) 244-7400
jcurran@venable.com
csgunderson@venable.com
klthompson@venable.com
srschipper@venable.com
ejwilson@venable.com

*Attorneys for Defendant PSEG
Renewable Transmission LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 8th day of June, 2026, a copy of the foregoing was served via

this Court's electronic filing system (CM/ECF) on:

Michelle M. Ostrander
Town Attorney for the Town of New Windsor
741 Windsor Drive
Westminster, MD 21158
410-848-3404
Mostrander133@gmail.com

Timothy F. Maloney
tmaloney@jgllaw.com
Kaitlin E. Leary
kleary@jgllaw.com
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200

*Counsel for Plaintiff*

*/s/ Emily J. Wilson*
Emily J. Wilson
