# EXHIBIT 1

# Exhibit 1.A

## IN THE CIRCUIT COURT FOR CARROLL COUNTY, MARYLAND

**TOWN OF NEW WINDSOR**
209 High Street
New Windsor, MD 21776

    *Plaintiff,*

v.

**PSEG RENEWABLE
TRANSMISSION LLC**
<u>Serve:</u>
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville Timonium, MD 21093

and

**PENNONI ASSOCIATES INC.**
<u>Serve:</u>
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

and

**STANTEC CONSULTING
SERVICES INC.**
<u>Serve:</u>
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

and

**COASTAL RESOURCES, INC.**
<u>Serve:</u>
Bridgette Garner
25 Old Solomons Island Road
Annapolis, MD 21401

**Case No.**: _____

1

and

**RALPH KOZIARSKI**
6110 Frost Place, Suite 200
Laurel, MD 20707

and

**JANE DOE**

      *Defendants.*

## COMPLAINT

Plaintiff, the Town of New Windsor, by and through undersigned counsel, hereby sues Defendants PSEG Renewable Transmission LLC ("PSEG"), Pennoni Associates Inc. ("Pennoni"), Stantec Consulting Services Inc. ("Stantec"), Coastal Resources, Inc. ("Coastal Resources"), Ralph Koziarski, and Jane Doe for cause, and in support thereof states as follows:

### INTRODUCTION

1.      PSEG is a New Jersey-based transmission development company that seeks to build a 67-mile, high-voltage (600 kilovolt) overhead transmission line across Baltimore, Frederick, and Carroll Counties in Maryland. The project is known as the Maryland Piedmont Reliability Project (the "Project").

2.      The proposed right-of-way for the Project traverses property owned by the Town of New Windsor located at 1321 New Windsor Road, New Windsor, Maryland 21776 (the "Subject Property"). The Property is used by the Town to access public storm water management infrastructure and a public water chlorination tank. The Town is also

2

planning to use the Property in the future as the site of a public well. PSEG seeks access to the Subject Property for the purpose of completing required field studies and, ultimately, to acquire an easement over the Property to construct the transmission line. These studies are part of PSEG's application for a Certificate of Public Convenience and Necessity ("CPCN") before the Maryland Public Service Commission (the "Commission").

3.     PSEG has no legal authority to enter onto the Town of New Windsor's Property, which is not "private land," to conduct the field studies. Additionally, PSEG has no legal authority to acquire an easement over the Property, as it does not have the power of eminent domain. Moreover, no Maryland statute confers on PSEG, directly or indirectly, the power of eminent domain with respect to public property, including property of the Town of New Windsor.

4.     The Town of New Windsor seeks a declaratory judgment and an injunction prohibiting PSEG from entering onto the Town's Property to conduct any surveys or studies in connection with its CPCN application or the construction of the Project.

**PARTIES**

5.     Plaintiff the Town of New Windsor is a municipal corporation located in Carroll County, Maryland and organized under the laws of Maryland. The Town of New Windsor was incorporated by the General Assembly under Chapter 47 of the Acts of 1843.

6.     Defendant PSEG is a Delaware limited liability company with its principal place of business located in Newark, New Jersey.

7.      Defendant Pennoni is a Pennsylvania corporation with its principal place of business located at 323 West Camden Street, Suite 600, Baltimore, Maryland 21201. Pennoni is a multidisciplinary engineering consulting firm that is performing metes and bounds surveys for the Project on behalf of PSEG.

8.      Defendant Stantec is a New York corporation with its principal place of business located in Denver, Colorado. Stantec is an environmental consulting firm that is overseeing archeological, wetlands, and forest stand surveys for the Project on behalf of PSEG.

9.      Defendant Coastal Resources is a Maryland corporation with its principal place of business located at 25 Old Solomons Island Road, Annapolis, Maryland 21401. Coastal Resources is a subconsultant to Stantec that is performing forest stand delineation surveys for the Project on behalf of PSEG.

10.     Defendant Ralph Koziarski is a Senior Archeologist and Principal Investigator employed by Stantec. Upon information and belief, Dr. Koziarski is the lead archeologist overseeing archeological surveys for the Project on behalf of PSEG.

11.     Defendant Jane Doe is a Maryland-licensed surveyor who is overseeing metes and bounds surveys for the Project performed by Pennoni on behalf of PSEG. While the Town has requested that PSEG provide the identity of the Maryland-licensed surveyor who would supervise these surveys, PSEG has not done so.

### JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to Maryland Code, Courts & Judicial Proceedings Article ("CJP") § 1-501.

13. This Court has jurisdiction over the parties pursuant to CJP §§ 6-102 and 6-103.

14. Venue is proper pursuant to CJP §§ 6-201(b) and 6-202(3).

## STATEMENT OF FACTS

15. On December 31, 2024, PSEG filed its CPCN application with the Commission for approval of its proposed 67-mile, 500-kilovolt overhead transmission line—i.e., the Project.

16. On October 20, 2025, PSEG sent a letter to the Town of New Windsor noting that the Town "own[s] property along the proposed route for the 150-foot right of way proposed for this project" and that "PSEG would like to begin discussions with [the Town] regarding the process and timing of purchasing an easement." **Exhibit 1**. PSEG further informed the Town of New Windsor that "PSEG will be seeking temporary access to your property to perform studies necessary to verify existing site conditions and to validate public data." *Id.*

17. On October 22, 2025, PSEG's assigned Land Agent sent a letter to the Town of New Windsor stating that "PSEG is seeking temporary access to your property to conduct non-invasive field surveys (such as wetlands delineation, sensitive species survey, and a metes and bounds survey) to evaluate the property's suitability for the project[.]" **Exhibit 2**. The letter further states that the assigned Land Agent would "be reaching out to you via phone, email or in-person to discuss this project, the temporary right of entry form and related compensation." *Id.*

18. Having not received PSEG's letters by mail, on October 31, 2025, Mayor

5

of the Town of New Windsor, Kevin Cornick, inquired via email with a PSEG representative regarding whether the letters had been sent. **Exhibit 3**. On November 7, 2025, the PSEG representative confirmed that the letters had been sent and that they were delivered that week. *Id.* The PSEG representative attached copies of the letters via email. *Id.* Following this exchange, PSEG or its agents did not have any further communication with the Town of New Windsor regarding the proposed Project or PSEG's requested right of entry for over six months—until seven days ago.

19.     Then, on May 26, 2026, New Windsor's Town Attorney received a letter from PSEG's counsel purporting to provide "notice to the Town of [PSEG's] intent to conduct land surveys on the Subject Property." **Exhibit 4**.

20.     The Subject Property is a 30,570 square foot parcel of land that is owned exclusively by the Town and is public property. The Property is used by the Town to access public storm water management infrastructure and a public water chlorination tank. The Town is also planning to use the Property in the future as the site of a public well.

21.     PSEG's May 26 letter misleadingly states that it "derives its authority to perform these land surveys from RP § 12-111," and that the "U.S. District Court for the District of Maryland has recently affirmed that PSEG has the legal right to temporarily enter onto properties to conduct these surveys[.]" *Id.* However, PSEG fails to acknowledge that both the cited section of the Real Property Article of the Maryland Code ("RP") and the U.S. District Court's ruling address only a limited right for certain individuals to enter onto "**private** land" for the purpose of conducting surveys. Neither

6

the statute nor the federal court's decision provides PSEG with a right of entry onto **public** land, such as the Subject Property owned by the Town of New Windsor.

22.    PSEG's letter also imposed an arbitrary ten-day deadline by which the Town of New Windsor must respond. *Id.* Otherwise, PSEG would consider a lack of response "as an acknowledgement that PSEG has provided notice of its intent to perform land surveys on the Subject Property and will proceed to do so." *Id.*

23.    The Town of New Windsor responded to PSEG's letter the next day, on May 27, 2026, acknowledging receipt of the letter and objecting to PSEG's self-imposed ten-day deadline to respond. **Exhibit 5**. The Town stated that it would consider PSEG's request for survey access on a reasonable timeline. *Id.* The Town also requested additional information from PSEG regarding the precise nature of the surveys that it seeks to conduct and the individuals and/or entities that will be conducting them. *Id.*

24.    On May 29, 2026, PSEG's counsel responded with some of the additional information that had been requested by the Town, but failed to identify all of the individuals who would be involved in conducting the surveys, including the supervising Maryland-licensed surveyor. **Exhibit 6**.

25.    Specifically, PSEG stated that it would be conducting four surveys on the Town of New Windsor's Property: (1) metes and bounds, (2) wetlands delineation, (3) forest stand delineation, and (4) archeological. *Id.* PSEG further stated that the metes and bounds surveys would be conducted by Pennoni, "under the direction of a surveyor licensed in the State of Maryland"; that the wetlands and forest stand delineations would be conducted "under the purview of Stantec … and will include a Professional Wetland

Scientist and Maryland Department of Natural Resources Qualified Professional"; and that the archeological surveys will be conducted "under Stantec's purview and will include a registered professional archeologist." *Id.* PSEG failed to identify the Maryland-licensed surveyor who would oversee the metes and bounds survey, the "qualified professional" from the Maryland Department of Natural Resources who would oversee the wetlands and forest stand delineation surveys, or the professional archeologist who would conduct the archeological surveys.

26.    Metes and bounds surveys are used to determine property boundaries by reference to various land features and distances and directions from those features. Metes and bounds surveys are conducted using GPS equipment or, where GPS signals are unavailable, survey measuring instruments called "control points" and a "total station" that are temporarily placed on the property.

27.    On behalf of PSEG, defendant Pennoni provides the metes and bounds surveys on the Project, under the direction of defendant Jane Doe, identity unknown, a Maryland-licensed surveyor.

28.    Wetlands delineation surveys are used to identify the boundaries of any wetlands on the property. They are conducted by digging four-inch diameter holes with a handheld auger and identifying vegetation onsite. This involves removing soil during the digging of the hole and identification of the vegetation.

29.    On behalf of PSEG, defendant Stantec provides the wetlands delineation surveys on the Project, with the assistance of a Professional Wetland Scientist and Maryland Department of Natural Resources Qualified Professional.

30.     Forest stand delineation surveys are used to identify forest stand boundaries and specimen trees (with a diameter of 30 inches or greater) on the property. A forest stand is a contiguous area that contains a number of trees that are relatively homogeneous or have a common set of characteristics. The survey is conducted by measuring the diameter of trees on the property using tape and marking the trees with chalk.

31.     On behalf of PSEG, defendant Coastal Resources provides the forest stand delineation surveys on the Project, under the purview of defendant Stantec, and with the assistance of a Maryland Department of Natural Resources Qualified Professional.

32.     Archeological surveys are used to identify and assess potential impacts on cultural resources on the property, such as human artifacts, structures, or other cultural remans. They are conducted using one of two methods: pedestrian surveys or shovel test excavations. Pedestrian surveys are conducted in areas such as plowed fields where the exposed soil surface is visible. In such areas, the archeological survey team walks in straight lines about ten feet apart, back and forth, while looking at the ground to spot artifacts that are present on the surface. If an artifact is found, a shovel test is completed in the immediate area. Shovel tests are also conducted in areas where the soil visibility is poor, such as non-active farm areas and wooded areas. Shovel tests are performed at 50-foot intervals across the property. They involve digging a hole approximately 1.5 feet in diameter and approximately 18 inches deep. Shovel tests require removing soil while digging the holes.

33.     On behalf of PSEG, defendant Stantec provides the archeological surveys on the Project, under the direction of defendant Senior Archeologist and Principal

9

Investigator Dr. Koziarski.

34.    Each of the Defendants are regularly engaged in conducting and/or overseeing the field surveys for PSEG on the proposed right-of-way for the Project. Should PSEG be permitted to conduct these surveys, each of the Defendants would seek to enter onto the Town's property and perform the surveys.

35.    PSEG seeks to have each of these Defendants enter onto the Town's Property to conduct the aforesaid surveys. The Town files this action to seek a declaration that none of the Defendants have the right of entry onto the Property and seeks an injunction preventing any such entry.

36.    As of the date of this filing, the Town of New Windsor has not received any further communication from PSEG regarding its intent to begin conducting surveys on the Subject Property on or about June 8, 2026.

## COUNT I
## CJP § 3-409 – Declaratory Judgment
### (Against All Defendants)

37.    Plaintiff incorporates and restates the foregoing paragraphs as if fully set forth herein.

38.    There exists an actual controversy of a justiciable issue between the parties regarding whether RP § 12-111(a) provides PSEG or its agents with a right to enter onto land owned by the Town of New Windsor to conduct surveys in connection with PSEG's CPCN application.

39.    RP § 12-111(a) is limited to authorize "civil engineers, land surveyors, real

10

estate appraisers and their assistants" to "enter on any private land to make surveys, run lines or levels, or obtain information." Nothing in RP 12-111(a) authorizes entry onto "public land." The statute provides in relevant part:

> Civil engineers, land surveyors, real estate appraisers, and their assistants acting on behalf of the State or of any of its instrumentalities or any body politic or corporate having the power of eminent domain after every real and bona fide effort to notify the owner or occupant in writing with respect to the proposed entry may:
>
> (1) Enter on any **private** land to make surveys, run lines or levels, or obtain information relating to the acquisition or future public use of the property or for any governmental report, undertaking, or improvement;
>
> (2) Set stakes, markers, monuments, or other suitable landmarks or reference points where necessary; and
>
> (3) Enter on any **private** land and perform any function necessary to appraise the property.

(Emphasis added.)

40.     RP § 12-111(a) unquestionably does not apply to the Subject Property, which is owned by the Town and therefore public. None of the defendants are "[c]ivil engineers, land surveyors, real estate appraisers, and their assistants *acting on behalf of the State or of any of its instrumentalities or any body politic or corporate having the power of eminent domain*" over the Town's property. (Emphasis added.)

41.     Moreover, the specific use of the Property as access for public storm water management infrastructure further establishes its public—rather than private—character. The Property is used by the Town to access public storm water management infrastructure and a public water chlorination tank. The Town is also considering using the Property in the future as the site of a public well.

11

42. Regardless of the U.S. District Court's rulings in prior cases addressing purely private property, PSEG has no authority to enter onto public land, such as the Subject Property, to conduct field surveys for its CPCN application.

43. Additionally, the limited right of entry provided by RP § 12-111(a) does not apply to PSEG because it is not "acting on behalf of the State or of any of its instrumentalities or any body politic or corporate having the power of eminent domain." PSEG is a private, New Jersey-based company—not a division or instrumentality of the State of Maryland or acting on the State's behalf.

44. Nor does PSEG have the power of eminent domain. Although it could potentially obtain the power of eminent domain *over private property* at some point in the future if its CPCN application is approved by the Commission, PSEG cannot rely on this hypothetical possibility of obtaining the power of eminent domain in the future to justify its entitlement to a right that is preconditioned on the entity already having the power of eminent domain.

45. Moreover, even if PSEG were to acquire the power of eminent domain with respect to the private properties that are along the proposed right of way of the Project, PSEG still would not have the power of eminent domain over the Subject Property, which is already publicly owned and being put to a public use. No Maryland law confers to PSEG, either expressly or by necessary implication, the power of eminent domain over property that is publicly owned and being put to a public use.

46. Therefore, RP § 12-111(a) does not authorize PSEG or its agents to enter onto the Subject Property to conduct surveys for its CPCN application.

47.     Furthermore, PSEG's continued advertisement of the proposed transmission line, and its location on the Town of New Windsor's Property, impairs the value and reputation of the Property and jeopardizes the Town's ability to use its public property for its public storm water management purposes and to obtain financing for future water management infrastructure.

48.     A declaratory judgment by this Court will serve to terminate the controversy between the parties.

WHEREFORE, Plaintiff requests that this Honorable Court

(i)     Declare that RP § 12-111(a) does not provide Defendants with a right to enter onto land owned by the Town of New Windsor to conduct studies or surveys in connection with PSEG's CPCN application;

(ii)    Declare that PSEG does not and cannot have the power of eminent domain over land owned by the Town of New Windsor;

(iii)   Enter judgment in favor of Plaintiff and against Defendants;

(iv)    Order temporary, preliminary, and permanent injunctive relief prohibiting Defendants from entering onto land owned by the Town of New Windsor to conduct surveys in connection with PSEG's CPCN application; and

(v)     Award Plaintiff the costs of this action, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

_/s/_____
Timothy F. Maloney (CPF 8606010245)
tmaloney@jgllaw.com
Kaitlin E. Leary (CPF 1612140040)
kleary@jgllaw.com
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200

Michelle M. Ostrander (CPF 9106040009)
Town Attorney for the Town of New Windsor
741 Windsor Drive
Westminster, MD 21158
410-848-3404
Mostrander133@gmail.com
_Counsel for Plaintiff_

14

60 West Street
P.O. Box 749
Annapolis, Maryland 21404
833-451-MPRP (6777)
PSEG-MPRP@pseg.com



October 20, 2025

Town of New Windsor
P.O. Box 609
New Windsor, Maryland 21776

**RE: Maryland Piedmont Reliability Project—Proposed Route.**
      **Property Address:** 1321 New Windsor Road 21776
      **Portion of Assessor's Parcel Number(s):** 07-11-001963

Dear Town of New Windsor:

In 2023, PJM Interconnection, LLC (PJM), the Regional Transmission Organization responsible for operating and planning the regional electric grid in all or part of thirteen states including Maryland, determined there is a need for significantly increased transmission capacity into Maryland and the surrounding region to ensure reliability.  After running a competitive solicitation process, PJM selected numerous projects to address these reliability concerns.  PSEG's Maryland Piedmont Reliability Project (MPRP), one of these critical electric transmission system enhancements, is a 500,000-volt (500 kV) transmission line that will increase power supply import capability into Maryland and the surrounding region to meet customer needs and support Maryland's energy future.

PSEG has filed an application to the Maryland Public Service Commission to seek a Certificate of Public Convenience and Necessity (CPCN) to build the project. You are receiving this letter because public records indicate you own property along the proposed route for the 150-foot wide right of way proposed for this project.  Please note that at this time, PSEG is not seeking to buy an easement from you, but PSEG would like to begin discussions with you regarding the process and timing of purchasing an easement. PSEG will purchase a permanent easement across a portion of your land for the approved route, only if approved by the Maryland Public Service Commission.

**PSEG will send a letter to you within the coming days to introduce the land agent assigned to you. This agent will be your direct real estate contact throughout this project.**

In the interim, PSEG provides below some additional pertinent information regarding the project:

**Right of Entry (ROE).**  This is the first step in the real estate acquisition process.  PSEG will be seeking temporary access to your property to perform studies necessary to verify existing site conditions and to validate public data.  The ROE is not an easement and is only temporary.

**Portion of Property.**  The final right of way footprint is proposed to be about 150 feet wide. The property rights sought will be a permanent easement over **a portion** of the land.  In other words, **you will continue to own your property while granting certain property rights to PSEG in exchange for a fee.**

**Farming.**  The majority of the proposed route will be occupied by conductor lines (wires) above the property. The conductors will be connected to H-frame structures every 1,000 or so feet.  Therefore, not all properties will have H-frame structures. This design allows the project route **to be farming compatible in most circumstances**, e.g., farm crops **may** be planted right up to the foundations of the structures, vegetation up to a height of 25 feet and using equipment up to a height of 20 feet, **are permissible** activities under the lines.

**Compensation for Crop Yield Loss or Damage.** While most of the proposed route is designed to be farming compatible, there may be instances of crop yield loss.  In those instances, PSEG will compensate

60 West Street
P.O. Box 749
Annapolis, Maryland 21404
833-451-MPRP (6777)
PSEG-MPRP@pseg.com



you for that crop yield loss. Also, if damage occurs to crops or other non-restorable property during construction, PSEG will reimburse the landowner for those damages.

**Property Valuation.**  PSEG will pay you for the property rights sought. Following the property studies performed under the ROE,  your land agent will provide details specific to your property concerning values and compensation for the portion of land that will be needed for the easement.  A local appraiser will perform a market appraisal to determine fair market value for the property rights needed for the easement.  The information used in the appraisal will be provided to you.  Once provided, PSEG encourages you to review that information closely and discuss any specific issues you may have or unique circumstances related to your property that may impact value with your land agent.

For more information, please visit the FAQ section of www.MPRP.com.

Once again, PSEG will send another letter to you within the coming days to introduce the land agent assigned to you. The agent  will be your direct real estate contact throughout this project and will be able to answer your specific questions.

**Please be advised that only a PSEG/Contract Land Staff-badged representative has the authority to discuss the project with you.**

PSEG will continue to stay engaged with you as this process moves forward.  If you have any questions in the interim, please email us at PSEG-MPRP@pseg.com or call the MPRP project hotline at 1-833-451-MPRP (6777).

Thank you,

The MPRP Project Team

MD-CA-156.570.300.510

60 West Street
P.O. Box 749
Annapolis, Maryland 21404
833-451-MPRP (6777)
PSEG-MPRP@pseg.com



October 22, 2025

Town of New Windsor
P.O. Box 609
New Windsor, Maryland 21776

**RE: Maryland Piedmont Reliability Project—Proposed Route: Land Agent Introduction**
**Property Address:** 1321 New Windsor Road 21776
**Portion of Assessor's Parcel Number(s):** 07-11-001963

Dear Town of New Windsor:

My name is **Beth Wilkins**, and I am an independent Land Agent with Contract Land Staff, LLC (CLS). PSEG has retained CLS to support the real estate effort for the Maryland Piedmont Reliability Project.

In 2023, PJM Interconnection, LLC (PJM), the Regional Transmission Organization responsible for operating and planning the regional electric grid in all or part of thirteen states including Maryland, determined there is a need for significantly increased transmission capacity into Maryland and the surrounding region to ensure reliability.  After running a competitive solicitation process, PJM selected numerous projects to address these reliability concerns.  PSEG's Maryland Piedmont Reliability Project (MPRP), one of these critical electric transmission system enhancements, is a 500,000-volt (500 kV) transmission line that will increase power supply import capability into Maryland and the surrounding region to meet customer needs and support Maryland's energy future.

PSEG has filed an application to the Maryland Public Service Commission to seek a Certificate of Public Convenience and Necessity (CPCN) to build the project.  You are receiving this letter because public records indicate you own property along the proposed route for the 150-foot wide right of way for this project.

Although PSEG is not seeking to purchase an easement from you at this time, PSEG is seeking temporary access to your property to conduct non-invasive field surveys (such as a wetlands delineation, sensitive species survey, and a metes and bounds survey) to evaluate the property's suitability for the project through a temporary right of entry (ROE) form.  **Please note that a temporary right of entry is not an easement and does not grant permanent property rights or construction rights, and does not obligate you to grant an easement to PSEG.**  PSEG will purchase easements for the project route only if the Company's CPCN application is approved by the Maryland Public Service Commission.

As your assigned Land Agent, I will be your main point of contact throughout this process.  I will be reaching out to you via phone, email or in-person to discuss this project, the temporary right of entry form and related compensation.

Please provide your preferred contact information by sending your information to me via text, phone or email referencing your address and/or Assessor's Parcel Number(s) listed above so that we can set up a convenient time to meet and discuss any questions you may have.  I can be reached at **(317) 374-0920**  or via email at **beth.wilkins@contractlandstaff.com.**   Please contact me when you can.   If I do not hear from you, I will attempt to reach you by phone or email over the coming weeks and/or stop by to speak with you to set up a convenient time to discuss any questions or concerns.

MD-CA-156.570.300.510

60 West Street
P.O. Box 749
Annapolis, Maryland 21404
833-451-MPRP (6777)
PSEG-MPRP@pseg.com



I look forward to discussing the project further with you.

**Please be advised that only a PSEG/Contract Land Staff-badged representative has been granted the authority by PSEG to discuss the project with you.**

Sincerely,

*Beth Wilkins*

Beth Wilkins
Land Agent
Mobile: **(317) 374-0920**
Email: **beth.wilkins@contractlandstaff.com**



MD-CA-156.570.300.510

**From:**       Shilkoski, Dawn H
**To:**         Wilson, Emily J.
**Subject:**    FW: Request for Information - Case No. 9773 MPRP - Town of New Windsor
**Date:**       Tuesday, May 26, 2026 9:53:52 AM
**Attachments:** MD-CA-156.570.300.510 INTERIM Letter_Resend 10.20.2025 (2).pdf
                MD-CA-156.570.300.510 AGENT Letter_Resend 10.22.2025 (1).pdf

**Caution: External Email**



**From:** Kalwa, Jason R.
**Sent:** Friday, November 7, 2025 10:54:14 AM
**To:** Kevin Cornick <kcornick@newwindsormd.org>
**Subject:** RE: Request for Information - Case No. 9773 MPRP - Town of New Windsor

Hi Mayor Cornick,

My apologies for the delayed response.

Yes, there were 2 letters that were sent to the Town of New Windsor's address per the tax card, which is a PO box. We had originally attempted to send them via FedEx but there were delivery issues. Therefore, we went through USPS and it shows they were delivered this week. I have attached the letters that were sent.

Please let me know if you have any questions and if there is someone specific from your Town you would like us to work with on this.

Thank you,
Jason

**From:** Kevin Cornick <kcornick@newwindsormd.org>
**Sent:** Friday, October 31, 2025 6:24 AM
**To:** Kalwa, Jason R. <Jason.Kalwa@pseg.com>
**Subject:** [EXTERNAL] Re: Request for Information - Case No. 9773 MPRP - Town of New Windsor

Good morning, Jason.

I'm following up to see if the letter has been sent that introduces the Town to the PSEG Land Agent.
Please let me know.

Thank you,

Kevin R. Cornick

Mayor

New Windsor, MD

410.635.6575

---

**From:** Kalwa, Jason R. <Jason.Kalwa@pseg.com>
**Sent:** Wednesday, October 22, 2025 12:28:50 PM
**To:** Kevin Cornick <kcornick@newwindsormd.org>
**Subject:** RE: Request for Information - Case No. 9773 MPRP - Town of New Windsor

Hi Mayor Cornick,

Yes, letters were sent to the impacted landowners.  Specific to the parcel owned by Town of New Window, we sent the attached.  An online map of the project's route can also be found off of our website (mprp.com) linked here: https://experience.arcgis.com/experience/fd3c786f0cdc402da1bdeac481680b1d [experience.arcgis.com].  Please let me know if you have a specific contact we should direct our land agent to for further discussion.

Thank you,

Jason

---

**From:** Kevin Cornick <kcornick@newwindsormd.org>
**Sent:** Wednesday, October 22, 2025 11:28 AM
**To:** Kalwa, Jason R. <Jason.Kalwa@pseg.com>
**Subject:** [EXTERNAL] Re: Request for Information - Case No. 9773 MPRP - Town of New Windsor

Hi Jason,

Following up to see if there has been an official release of information regarding the revise power line routes. I just received some information that was posted on Facebook. Let me know

Kevin R. Cornick

Mayor

New Windsor, MD

410.635.6575



210 W. PENNSYLVANIA AVENUE   SUITE 500   TOWSON, MD 21204
**T** 410.494.6200   **F** 410.821.0147   www.Venable.com

May 26, 2026

**t** 410.494.6353
**f** 410.821.0147
KJFischer@Venable.com

Michelle M. Ostrander, Esq.
Town Attorney, Town of New Windsor, MD
Town Hall
209 High Street
New Windsor, MD 21776 – 0609

> **Re:** **Notice of Intent to Conduct Surveys on Property Located in Town of New Windsor, Maryland**
> **Tax Parcel ID: 07-11-001963**
> **Site Address: 1321 New Windsor Road, New Windsor, MD 21776**

Dear Ms. Ostrander:

I write on behalf of PSEG Renewable Transmission LLC ("PSEG" or the "Company") to follow up on several email correspondences and phone calls from PSEG representatives to the Town of New Windsor's (the "Town") Town Manager.[1] As PSEG representatives stated in that email correspondence, PSEG is in the process of completing non-invasive environmental and cultural resource surveys on all properties that are located on the proposed transmission right-of-way ("ROW") for the Maryland Piedmont Reliability Project ("MPRP"). The specific property that is the subject of this letter, is owned by the Town and located at 1321 New Windsor Road, New Windsor, MD 21776 (Tax Parcel ID: 07-11-001963), and is also situated on the MPRP's proposed ROW (the "Subject Property").

PSEG is conducting these surveys because the Maryland Department of Natural Resources' Power Plant Research Program ("PPRP") has determined that the surveys are necessary for its review of PSEG's application to the Maryland Public Service Commission for a Certificate of Public Convenience and Necessity ("CPCN") to construct the MPRP. The U.S. District Court for the District of Maryland has recently affirmed that PSEG has the legal right to temporarily enter onto properties to conduct these surveys under Section 12-111 of the Maryland Code's Real Property Article ("RP").[2] Accordingly, this letter serves as PSEG's notice to the Town of its intent to conduct land surveys on the Subject Property.

PSEG derives its authority to perform these land surveys from RP § 12-111, which provides that civil engineers, land surveyors, and real estate appraisers (and their assistants) acting on behalf

---

[1] A copy of PSEG's prior correspondence with the Town is attached hereto as **Attachment 1**.

[2] *See PSEG Renewable Transmission LLC v. Arentz Family, LP, et al.*, 788 F.Supp.3d 705 (D. Md. 2025); *see also PSEG Renewable Transmission LLC v. Alvi Properties, LLC, et al.*, Case No. 1:25-cv-02296, Dkt. No. 203 (Dec. 19, 2025)); *PSEG Renewable Transmission LLC v. Belfast Farms, LLC, et al.*, Case No. 1:25-cv-03352, Dkt. No. 111 (Dec. 19, 2026); *PSEG Renewable Transmission LLC v. The Richard Snader Smith Testamentary Trust, et al.*, Case No. 1:26-cv-00793, Dkt. No. 45 (Apr. 22, 2026).

# VENABLE LLP

May 26, 2026
Page 2

of "any body politic or corporate having the power of eminent domain," after having made every real and bona fide effort to notify the owner or occupant in writing with respect to the proposed entry, may:

> (1) Enter on any private land to make surveys, run lines or levels, or obtain information relating to the acquisition or future public use of the property or for any governmental report, undertaking, or improvement;
>
> (2) Set stakes, markers, monuments, or other suitable landmarks or reference points where necessary; and
>
> (3) Enter on any private land and perform any function necessary to appraise the property.

*See* RP § 12-111(a).

Accordingly, PSEG hereby notifies the Town of its intent to enter onto the Subject Property to perform the land surveys described above.  Please confirm your receipt of this notice letter by reply email within the next ten (10) days.  PSEG plans to begin conducting the land surveys following the expiration of the 10-day period, on or about June 8, 2026.  We are also happy to answer any additional questions regarding the surveys or discuss any scheduling requests with the Town.

PSEG will consider a lack of response to this letter within ten (10) days as an acknowledgement that PSEG has provided notice of its intent to perform land surveys on the Subject Property and will proceed to do so.

Very truly yours,

*/s/ Kurt J. Fischer*

Kurt J. Fischer

Enclosures

Copy to: J. Joseph Curran, III, Esq.
Christopher S. Gunderson, Esq.
Sondra L. McLemore, Esq., Assistant Attorney General (Dept. of Natural Resources' Power Plant Research Program)

# MICHELLE M. OSTRANDER
*Attorney at Law*

741 Windsor Drive                                                    410-848-3404
Westminster, Maryland 21158                              Mostrander133@gmail.com

May 27, 2026

By electronic mail: kjfischer@venable.com
Certified Mail/Return Receipt Requested

Kurt J. Fischer, Esq.
Venable LLP
210 W. Pennsylvania Avenue, Suite 500
Towson, MD 21204

Dear Mr. Fischer:

This will acknowledge your letter to the Town of New Windsor dated yesterday, May 26, 2026.

The Town objects to PSEG's self-created "10-day deadline" to respond and its presumption of implied consent in the absence of a response within that "deadline". These matters have been pending before the Maryland Public Service Commission for several years. The Town specifically requests PSEG to advise it as to why it has waited until now to seek the Town's permission and then imposed an arbitrary 10-day deadline.

The Town is willing to consider PSEG's request for survey access on a reasonable timeline. The Town requests that PSEG provide it the following information so that it may evaluate PSEG's request:

1.    What is the identity of the surveyors and what are their qualifications? Are they licensed in the State of Maryland?

2.    What is the scope of the proposed survey work and what land disturbance, if any, will occur?

3.    What is the proposed right-of-way and ultimate proposed intrusion upon the Town property located at 1321 New Windsor Road?

May 27, 2026
Page 2


The Town will evaluate PSEG's request promptly upon receipt of the information requested in this letter.

Yours truly,

/s/  *Michelle M. Ostrander*

Michelle M. Ostrander
Town Attorney


MMO/hl

C:  Mayor Kevin Cornick



210 W. PENNSYLVANIA AVENUE  SUITE 500  TOWSON, MD 21204
**T** 410.494.6200  **F** 410.821.0147  www.Venable.com

May 29, 2026

**t** 410.494.6353
**f** 410.821.0147
KJFischer@Venable.com

Michelle M. Ostrander, Esq.
Town Attorney, Town of New Windsor, MD
Town Hall
209 High Street
New Windsor, MD 21776 – 0609

> **Re:    Notice of Intent to Conduct Surveys on Property Located in Town of New
> Windsor, Maryland
> Tax Parcel ID: 07-11-001963
> Site Address: 1321 New Windsor Road, New Windsor, MD 21776**

Dear Ms. Ostrander:

Thank you for your letter dated May 27, 2026.  I write to respond to each of the questions raised in your letter, as set forth below:

1. **What is the identity of the surveyors and what are their qualifications?  Are they licensed in the State of Maryland?**

PSEG anticipates conducting four surveys: (1) metes and bounds, (2) wetland delineation, (3) forest stand delineation, and (4) archaeological.  Metes and bounds surveys will be conducted by Pennoni, a multidisciplinary engineering firm, under the direction of a surveyor licensed in the State of Maryland.  Wetlands and forest stand surveys will be conducted under the purview of Stantec, the Company's environmental consultant, and will include a Professional Wetland Scientist and Maryland Department of Natural Resources Qualified Professional.  Archaeological surveys will also be conducted under Stantec's purview and will include a registered professional archaeologist.

2. **What is the scope of the proposed survey work and what land disturbance, if any, will occur?**

As set forth above, PSEG anticipates conducting four types of surveys on this property. An overview of each of these surveys, including a description of any possible land disturbance, can be found on the MPRP website here: https://corporate.pseg.com/aboutpseg/CompanyInformation/thepsegfamilyofcompanies/psegrenewabletransmission/field-surveys.ashx.  While the website also describes sensitive species surveys, PSEG does not anticipate conducting any sensitive species surveys on this property.

# VENABLE LLP

May 29, 2026
Page 2

**3. What is the proposed right-of-way and ultimate proposed intrusion upon the Town property located at 1321 New Windsor Road?**

The screenshot set forth below depicts the proposed right-of-way ("ROW"). The ROW boundaries are shown in green. PSEG anticipates using the existing access road for construction purposes and potential tree clearing within the ROW as needed. PSEG further anticipates the impact from the transmission line to be aerial only with wires spanning the property:



Please let me know if there is any further information that I can provide for your client's consideration.

Very truly yours,

*/s/ Kurt J. Fischer*

Kurt J. Fischer

Enclosures

Copy to: J. Joseph Curran, III, Esq.
   Christopher S. Gunderson, Esq.
   Sondra L. McLemore, Esq., Assistant Attorney General (Power Plant Research Program)

**IN THE CIRCUIT COURT FOR CARROLL COUNTY, MARYLAND**

| | |
|---|---|
| **TOWN OF NEW WINDSOR**<br>209 High Street<br>New Windsor, MD 21776<br><br>       *Plaintiff,*<br><br>v.<br><br>**PSEG RENEWABLE<br>TRANSMISSION LLC**<br>Serve:<br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093<br><br>and<br><br>**PENNONI ASSOCIATES INC.**<br>Serve:<br>CSC-Lawyers Incorporating Service<br>Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>and<br><br>**STANTEC CONSULTING<br>SERVICES INC.**<br>Serve:<br>CSC-Lawyers Incorporating Service<br>Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>and<br><br>**COASTAL RESOURCES, INC.**<br>Serve:<br>Bridgette Garner<br>25 Old Solomons Island Road<br>Annapolis, MD 21401 | Case No.: _____ |

1

and

**RALPH KOZIARSKI**
6110 Frost Place, Suite 200
Laurel, MD 20707

and

**JANE DOE**

  *Defendants*.

### LINE REQUESTING SUMMONSES

Clerk of Court:

  Please issue summonses for the Defendants in the above-captioned matter.  Please

note Jane Doe is an unidentified individual. Address unknown. Will amend once identity

is discovered,

2

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

_____/s/_____
Timothy F. Maloney (CPF 8606010245)
tmaloney@jgllaw.com
Kaitlin E. Leary (CPF 1612140040)
kleary@jgllaw.com
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200

Michelle M. Ostrander (CPF 9106040009)
Town Attorney for the Town of New Windsor
741 Windsor Drive
Westminster, MD 21158
410-848-3404
Mostrander133@gmail.com

*Counsel for Plaintiff*

3

IN THE CIRCUIT COURT FOR **Carroll County**

City/County

## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT          CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** Town of New Windsor          vs.          PSEG Renewable Transmission LLC, et al.
Plaintiff                                          Defendant

**PARTY'S NAME:** Town of New Windsor          PHONE: _____

**PARTY'S ADDRESS:** 209 High Street, New Windsor, MD 21776

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Timothy F. Maloney          PHONE: 301-220-2200

**PARTY'S ATTORNEY'S ADDRESS:** 6404 Ivy Lane, Suite 400, Greenbelt, MD 20770

**PARTY'S ATTORNEY'S E-MAIL:** tmaloney@jgllaw.com

**JURY DEMAND?** ☐ Yes ☒ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours 3 _____ days

### PLEADING TYPE

**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt

☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☒ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 03/2026)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☒ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☒ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.      ☐ Liability is not conceded, but is not seriously in dispute.      ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000          ☐ $10,000 - $30,000          ☐ $30,000 - $100,000          ☐ Over $100,000

☐ Medical Bills $_____          ☐ Wage Loss $_____          ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation          ☐ Yes ☒ No                         C. Settlement Conference     ☐ Yes ☒ No
B. Arbitration        ☐ Yes ☒ No                         D. Neutral Evaluation          ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less          ☒ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of          ☐ **Standard -** Trial within 18 months of
Defendant's response                               Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❑ **Expedited -** Trial within 7 months of Defendant's response          ❑ **Standard -** Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

❑ Expedited                 Trial 60 to 120 days from notice. Non-jury matters.
❑ Civil-Short               Trial 210 days from first answer.
❑ Civil-Standard            Trial 360 days from first answer.
❑ Custom                    Scheduling order entered by individual judge.
❑ Asbestos                  Special scheduling order.
❑ Lead Paint                Fill in: Birth Date of youngest plaintiff _____ .
❑ Tax Sale Foreclosures     Special scheduling order.
❑ Mortgage Foreclosures     No scheduling order.

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❑ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❑ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❑ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❑ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

6/2/2026
_____
Date

6404 Ivy Lane, Suite 400
_____
Street Address

Greenbelt          MD          20770
_____
City        State        Zip Code

/s/ Timothy F. Maloney          8606010245
_____
Signature of Attorney/Party          Attorney Number

Timothy F. Maloney
_____
Printed Name

tmaloney@jgllaw.com
_____
E-mail

**CC-DCM-002** (Rev. 03/2026)                    Page 3 of 3

# Exhibit 1.B

# MICHELLE M. OSTRANDER
*Attorney at Law*

741 Windsor Drive                                         410-848-3404
Westminster, Maryland 21158                    Mostrander133@gmail.com

June 5, 2026

By electronic mail
Certified mail/ return receipt requested

Emily Wilson, Esq.
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland  21902

Dear Ms. Wilson:

Thank you for your letter of May 29, 2026.

The Town has reviewed your submissions carefully.  The section you cite, RP§12-111(a) applies only to "entry upon private land."  The property PSEG seeks to enter upon is public land, exclusively owned by the Town of New Windsor.  Moreover, PSEG does not have the right of eminent domain over the Town property and will not have such right even if a certificate of public convenience is ultimately issued by the Maryland Public Service Commission.

The Town has filed suit in the Circuit Court for Carroll County to protect its interests.  A copy of the suit is enclosed.  Please let me know if you are authorized to accept service on behalf of any of the defendants.  If we do not hear from you within seven days, the Town will proceed to effectuate private service.

Yours truly,

 /s/

Michelle M. Ostrander
Town Attorney

MMO/hl
Enclosures
C:  Mayor Kevin Cornick

## Case Information

C-06-CV-26-000303 | TOWN OF NEW WINDSOR vs. PSEG RENEWABLE TRANSMISSION LLC, et al.

| Case Number | Court | Judicial Officer |
|---|---|---|
| C-06-CV-26-000303 | Carroll Circuit Court | Hecker, Fred S |
| File Date | Case Type | Case Status |
| 06/02/2026 | Declaratory Judgment | Open |

## Party

Plaintiff
TOWN OF NEW WINDSOR

Active Attorneys ▾

Attorney
Leary, Kaitlin Eileen
Retained

Lead Attorney
MALONEY, TIMOTHY FRANCIS
Retained

Defendant
PSEG RENEWABLE TRANSMISSION LLC

Defendant
PENNONI ASSOCIATES INC.

Defendant
STANTEC CONSULTING SERVICES INC.

Defendant
COASTAL RESOURCES, INC.

Defendant
KOZIARSKI, RALPH

Defendant
Doe, Jane

## Events and Hearings

06/02/2026 Complaint / Petition

06/02/2026 Supporting Exhibit

06/02/2026 Supporting Exhibit

06/02/2026 Supporting Exhibit

06/02/2026 Supporting Exhibit

06/02/2026 Supporting Exhibit

06/02/2026 Supporting Exhibit

06/02/2026 Case Information Report Filed

06/02/2026 Line

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued ▾

Requested By
TOWN OF NEW WINDSOR

Unserved

06/03/2026 Summons Issued (Service Event)

06/03/2026 Summons Issued (Service Event)

06/03/2026 Summons Issued (Service Event)

06/03/2026 Summons Issued (Service Event)

06/03/2026 Summons Issued (Service Event)

06/03/2026 Summons Issued (Service Event)

06/03/2026 Writ /Summons/Pleading - Electronic Service

06/03/2026 Writ /Summons/Pleading - Electronic Service

06/03/2026 Writ /Summons/Pleading - Electronic Service

06/03/2026 Writ /Summons/Pleading - Electronic Service

06/03/2026 Writ /Summons/Pleading - Electronic Service

06/03/2026 Writ /Summons/Pleading - Electronic Service