## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**TOWN OF NEW WINDSOR,**

    *Plaintiff/Counter-Respondent,*

**v.**

**PSEG RENEWABLE TRANSMISSION LLC, et al.,**

    *Defendants/Counter-Petitioner.*

**Case No.**: 1:26-cv-02277-ABA

### PLAINTIFF/COUNTER-RESPONDENT'S REPLY IN SUPPORT OF MOTION TO DISMISS PSEG'S COUNTERCLAIM

Plaintiff/Counter-Respondent, the Town of New Windsor, by and through undersigned counsel, files this Reply in Support of its Motion to Dismiss PSEG's Counterclaim, and states for cause as follows:

### INTRODUCTION

The Town of New Windsor filed this action in the Circuit Court for Carroll County, Maryland against PSEG Renewable Transmission LLC ("PSEG") and five entities or individuals who have been contracted by PSEG to perform land surveys on properties on the proposed right of way for PSEG's planned high-voltage transmission line, the Maryland Piedmont Reliability Project (the "Project"). PSEG then removed this action to this Court, alleging that this Court has original jurisdiction over the case pursuant to the diversity statute, 28 U.S.C. § 1332(a), and filed a Counterclaim for injunctive relief, seeking a court order permitting it to access the Town's Property "for the purpose of conducting any required surveys."

1

The Town moves to dismiss PSEG's Counterclaim on the bases that this Court lacks subject-matter jurisdiction over the action and that the Counterclaim fails to state a claim upon which relief can be granted. On the jurisdictional issue, Defendants admit that at least two of the Defendants are citizens of Maryland, as is the Plaintiff. Therefore, there is not complete diversity of citizenship between Plaintiff and Defendants, which is required for this Court to exercise subject-matter jurisdiction over the case. Additionally, PSEG, as the party invoking this Court's jurisdiction, has failed to establish that the amount in controversy exceeds $75,000, which is also required for this Court to exercise subject-matter jurisdiction. Therefore, this Court lacks subject-matter jurisdiction and PSEG's Counterclaim must be dismissed. Alternatively, the Court should remand this case to the Circuit Court for Carroll County.[1]

On the merits, PSEG's Counterclaim fails to state a claim upon which relief can be granted because the sole legal authority upon which PSEG relies for its claim right to enter onto the Town's Property is Section 12-111(a) of the Real Property Article of the Maryland Code ("RP"), which expressly applies only to "private land." Here, the property to which PSEG seeks access is exclusively owned by the Town and is used exclusively for a public use; thus, the Subject Property is unquestionably public rather than "private land." PSEG's only response to this clear limitation on the statutory right of entry in RP § 12-111(a) is that the Court should ignore the plain language of the statute

---

[1] On June 22, 2026, the Town moved to remand this case to the Circuit Court for Carroll County. (ECF 13.) The Town maintains that this Court should resolve the Motion to Remand before addressing any issues on the merits.

because its express limitation to "private land" is descriptive only. But this position is illogical and violates numerous canons of statutory interpretation required by the Maryland courts. Here, applying the unambiguous language of the statute leads to the inevitable result that PSEG does not have the authority to direct the other Defendants to enter onto the Town's public property in connection with PSEG's CPCN application. Therefore, PSEG's Counterclaim fails to state a claim upon which relief can be granted and must be dismissed.

## ARGUMENT

**I.      This Court Lacks Subject-Matter Jurisdiction over PSEG's Counterclaim.**

The sole basis for this Court's subject-matter jurisdiction cited by PSEG in its Counterclaim is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction requires (1) complete diversity of the parties, and (2) an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, neither requirement of the diversity jurisdiction statute is satisfied. Therefore, this Court lacks subject-matter jurisdiction and must dismiss PSEG's Counterclaim. Alternatively, the Court should remand the case to the Circuit Court for Carroll County.

### A.  *There is not complete diversity between Plaintiff and Defendants.*

The Town of New Windsor refers to and incorporates its arguments from its Reply in Support of its Motion to Remand. *See* ECF 28 at 2–6.

### B.  *The amount in controversy does not exceed $75,000.*

The Town of New Windsor refers to and incorporates its arguments from its Reply

in Support of its Motion to Remand. *See* ECF 28 at 6–8.

## II.    PSEG's Counterclaim Fails to State a Claim upon which Relief Can Be Granted.

The Town of New Windsor refers to and incorporates its arguments from its Opposition to Defendants' Motion to Dismiss the Complaint. *See* ECF 27 at 12–18.

## CONCLUSION

For the reasons expressed herein, the Town of New Windsor respectfully requests that this Court dismiss PSEG's Counterclaim. Alternatively, the Town of New Windsor requests that the Court remand this case to the Circuit Court for Carroll County.

Respectfully submitted,

/s/
Timothy F. Maloney (Fed. Bar ID #03381)
tmaloney@jgllaw.com
Kaitlin E. Leary (Fed. Bar ID #31487)
kleary@jgllaw.com
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200
*Counsel for the Town of New Windsor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 20, 2026, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/
Kaitlin E. Leary

4